UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

RALPHAEL BERNARD WILLIAMS

v.                   CV 410-238
                   (CR 406-128)

UNITED STATES OF AMERICA

## ORDER

Now before the Court is petitioner Ralphael Bernard Williams's motion pursuant to Fed. R. Civ. P. 60(b). Doc. #11.

Williams was convicted at trial and sentenced by this Court to 220 months' imprisonment for dealing in crack cocaine. He filed a 28 U.S.C. § 2255 motion in October 2010, Doc. #1, which this Court found to be time-barred. Docs. #4, 9. Judgment on his § 2255 motion was entered on November 4, 2010. Doc. #10.

In February 2011, Williams filed a Rule 60(b) motion asking for relief from the § 2255 judgment. CR 406-128, Doc. #116. This Court denied that motion as, in reality, a second or successive § 2255 motion. CR 406-128, Doc. #117.

In his current motion, Williams again invokes Rule 60(b) to ask this Court to re-open the judgment entered in this 28 U.S.C. § 2255 case now more than two years ago. He contends that the judgment is due to be reopened under Fed. R. Civ. P. 60(b)(5) and (6). The government concedes in its response that Williams's motion amounts to a "true" Rule 60(b) motion under the test set out in Gonzalez v. Crosby, 545 U.S. 524 (2006), but argues that no relief is appropriate. Doc. # 12. This Court agrees.

Rule 60(b)(5) provides for relief from a final judgment if:

> the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable.

This subsection has no application here. The judgment has not been "satisfied, released, or discharged." It is not "based on an earlier judgment that has been reversed." And it has no "prospective[] application. "That the plaintiff remains bound by the dismissal is not a 'prospective effect' within the meaning of rule 60(b)(5)." Gibbs v. Maxwell House, Div. of Gen. Foods Corp., 783 F.2d 1153, 1156 (11th Cir. 1984).

Williams fares no better under Rule 60(b)(6), which allows relief from a final judgment for "any other reason that justifies relief." Such relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984), which "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 534 (2006). A Rule 60(b)(6) motion must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Williams's delay here was unreasonable, and he cannot demonstrate the exceptional circumstances necessary for relief under Rule 60(b)(6). His current motion was filed more than two years after entry of judgment in his § 2255 case in November 2010. He failed to avail himself of multiple opportunities to correct any error in that judgment before now: he filed no direct appeal of the November 2010 judgment, he asked for no certificate of appealability from this Court or the Eleventh Circuit, and he failed to appeal the denial of the first Rule 60(b) motion that he filed a year ago. His failure to

pursue redress in the regular avenues available to him preclude him from now relying on the extraordinary relief permitted by Rule 60(b)(6). See Gonzalez, 545 U.S. at 537.

Williams's motion is **DENIED**. The Court further certifies that any appeal would be frivolous and not taken in good faith, see 28 U.S.C. § 1915, and that Williams therefore should be denied in forma pauperis status on any such appeal.

**SO ORDERED.**

This __ day of January, 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA